IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DENNIS FRIEDT,<br><br>Petitioner,<br><br>vs.<br><br>JIM SALMONSEN and AUSTIN KNUDSEN,<br><br>Respondents. | Cause No. CV 24-45-BLG-SPW-TJC<br><br>ORDER |

This matter comes before the Court on state pro se petitioner Dennis Friedt's application under 28 U.S.C. § 2254, seeking habeas corpus relief. (Doc. 1.) Friedt has supplemented his petition with three additional documents. (Docs. 5, 6, and 7.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*; see also, 28 U.S.C. § 1915A(B)(1), (2) (the court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis upon which habeas relief may be granted). As explained below, the Court is without jurisdiction to consider Friedt's fourth

1

petition for habeas relief related to his 2018 conviction. The petition will be dismissed.

The petition at hand is the fourth Friedt has filed in this Court related to his 2018 conviction. He filed his first in 2021. That petition, which challenged his 2018 conviction for sexual assault, was dismissed with prejudice. Doc. 27, *Friedt v. Salmonsen et al.*, CV 21-48-BLG-DWM (February 16, 2022). Friedt's second, *Friedt v. Salmonsen et al.*, CV 23-21-BLG-SPW, and third, *Friedt v. Salmonsen,* CV 23-51-SPW-TJC, were also dismissed, as unauthorized second petitions.

Friedt's fourth petition here must be dismissed. Friedt's only state law proceeding that he seeks review of is his 2018 criminal proceeding, and the sentence imposed there. No matter how he has tried to appeal or modify that sentence, the underlying intent of his state court actions is to change the outcome of his criminal proceedings. That is the purpose of his habeas petition here. However, the Court lacks jurisdiction to consider any further challenges to Friedt's 2018 conviction <u>unless and until</u> the Ninth Circuit authorizes him to file a successive petition. See, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Absent such authorization, Friedt may not proceed in this Court. Friedt has been advised of this requirement twice before and has disregarded it. Friedt's petition will be dismissed.

"The district court must issue or deny a certificate of appealability when it

2

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Friedt's Petition (Doc. 1) is DENIED and DISMISSED with prejudice. The Clerk of Court is directed, by separate document, to enter Judgment in favor of Respondent and against Petitioner.

2. A certificate of appealability is DENIED.

DATED this 17th day of May, 2024.

Susan P. Watters
United States District Court Judge